OPINION
{¶ 1} Appellant Deborah L. Toda (aka Deborah L. Pollis and Deborah L. Bogan) pleaded guilty in the Mahoning County Court of Common Pleas to four felony charges including grand theft, forgery, and money laundering. The crimes presented a possible 30-year prison term, and the court sentenced her to an aggregate term of 25 years. Counsel for Appellant has filed a no merit brief and a motion to withdraw as counsel. The record indicates that this is a frivolous appeal, and counsel's motion to withdraw is sustained.
 {¶ 2} Appellant was indicted on July 27, 2006, on four counts: grand theft, pursuant to R.C. 2913.02(A)(3), a first degree felony; forgery, pursuant to R.C. 2913.31(A)(3), a third degree felony; money laundering, pursuant to R.C. 1315.55(A)(1), a third degree felony; and engaging in a pattern of corrupt activity, pursuant to 2923.32(A)(3), a first degree felony. The indictment also included a forfeiture specification. Appellant was a bookkeeper at North Central Pennsylvania Dialysis Clinic and was accused of stealing over $1 million from the clinic over a two-year period. Appellant retained counsel to represent her, but counsel requested to withdraw after a few weeks and the court appointed new counsel on November 21, 2006.
 {¶ 3} On January 30, 2007, Appellant entered a guilty plea to all four counts in the indictment. The state agreed to stand silent at sentencing regarding any possible punishment. A plea hearing was held on January 30, 2007, and the court accepted the guilty plea. *Page 2 
 {¶ 4} The sentencing hearing was held on March 16, 2007. The court sentenced Appellant to 10 years on count one, 5 years on count two, 5 years on count three, and 10 years on count four. These were each the maximum sentences for each count. The sentences were imposed consecutively, except in count three, which was ordered to be served concurrently. The aggregate sentence was 25 years in prison. Appellant was also ordered to make restitution of $1,652,817.53. The court filed its judgment entry on March 26, 2007.
 {¶ 5} Appellant filed this timely appeal on April 23, 2007. Counsel was assigned for the appeal, and filed a no merit brief on July 30, 2008, pursuant to State v. Toney (1970), 23 Ohio App.2d 203,262 N.E.2d 419, and Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. The transcripts of the plea hearing and sentencing hearing are both part of the record on appeal. On August 11, 2008, this Court filed a judgment entry allowing Appellant 30 days to file any additional claims of error, and nothing has been filed.
 {¶ 6} "It is well settled that an attorney appointed to represent an indigent criminal defendant on his or her first appeal as of right may seek permission to withdraw upon a showing that the appellant's claims have no merit. To support such a request, appellate counsel must undertake a conscientious examination of the case and accompany his or her request for withdrawal with a brief referring to anything in the record that might arguably support the appeal. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly *Page 3 
frivolous." (Citations omitted.) State v. Odorizzi (1998),126 Ohio App.3d 512, 515, 710 N.E.2d 1142.
 {¶ 7} In Toney, supra, we set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 {¶ 8} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
 {¶ 9} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
 {¶ 10} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
 {¶ 11} "6. Where the Court of Appeals makes such an examination and concludes that the appeal is wholly frivolous, the motion of an indigent appellant for the appointment of new counsel for the purposes of appeal should be denied.
 {¶ 12} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." (Emphasis in original.) Id. at syllabus. *Page 4 
 {¶ 13} Appellant entered a guilty plea to all charges in this case. A voluntary plea of guilty waives all nonjurisdictional defects in prior stages of the proceedings, including claims of ineffective assistance of counsel, except for errors regarding the knowing and voluntary nature of the plea. Ross v. Common Pleas Court of Auglaize County (1972),30 Ohio St.2d 323, 324, 285 N.E.2d 25.
 {¶ 14} Counsel has filed a no merit brief outlining and analyzing the events of this case, and counsel has concluded that, based on his years of experience as a legal practitioner and as appellate counsel, there are no justiciable issues for appeal. Counsel is correct. The trial court held a full and thorough plea hearing, describing to Appellant each and every right she was waiving by entering a guilty plea, including the right to jury trial, the right of compulsory process of witnesses, the right to confront her accusers, the privilege against compulsory self-incrimination, and the right requiring the state to prove each and every element of the charges against her. Crim. R. 11(C)(2)(c) requires the trial court to explain these rights to a criminal defendant before accepting a plea of guilty or no contest in a felony case. Although the court did not use the precise language contained in Crim. R. 11(C)(2)(c) in explaining the constitutional rights that Appellant was waiving, the Ohio Supreme Court has held that: "[f]ailure to use the exact language contained in Crim. R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial * * * is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant[.]" State v. Ballard (1981), 66 Ohio St.2d 473, 20 O.O.3d *Page 5 
397, 423 N.E.2d 115, paragraph two of syllabus; reaffirmed in State v.Veney, Slip Opinion No. 2008-Ohio-5200.
 {¶ 15} The trial court explained the maximum penalties involved, and informed Appellant that the court had full discretion to impose a sentence within the full range of sentences permitted by law. The court explained the meaning and consequences of post-release control. The trial court erred slightly when explaining to Appellant the possible maximum fine that could be imposed. The court stated that the maximum fine could be $50,000, while the fine could have been $60,000. The court did not impose a fine in this case. The court ordered Appellant to make restitution to the victim instead.
 {¶ 16} At sentencing, the court considered the principles and purposes of sentencing found in R.C. 2929.11, and the seriousness and recidivism factors found in R.C. 2929.12. The court reviewed the presentence investigation report, and noted that Appellant had a prior criminal record, was on parole for a similar crime when the instant crimes were committed, and that recidivism was likely. The court also considered the oral statement made by Appellant at the sentencing hearing.
 {¶ 17} The sentence imposed was within the statutory range of possible sentences, and there was no improper reference to the sentencing statutes that were rendered unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 18} There was a moment during sentencing when the prosecutor attempted to explain to the court that certain factors should be taken into consideration when *Page 6 
imposing consecutive sentences. Appellant's counsel objected that this violated the plea agreement because part of the agreement was that the state would stand silent at sentencing, and it appeared that the prosecutor was advocating for consecutive sentences. The court sustained the objection, and the prosecutor dropped the matter. (3/16/07 Tr., p. 4.) Because a proper objection was raised and sustained, there was no prejudicial error in the prosecutor's comments at the sentencing hearing.
 {¶ 19} Accordingly, we conclude that this is a frivolous appeal pursuant to Toney and Anders, and we hereby sustain counsel's motion to withdraw. Appellant's convictions and sentence are affirmed in full.
Vukovich, P.J., concurs.
DeGenaro, J., concurs in judgment only. *Page 1