[Cite as *State v. Toda*, **2014-Ohio-943.**]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  13 MA 44 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DEBORAH TODA, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
Court, Case No. 06 CR 665


JUDGMENT:                                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:                          Attorney Paul J. Gains
                                                          Prosecuting Attorney
                                                          Attorney Ralph M. Rivera
                                                          Assistant Prosecuting Attorney
                                                          21 W. Boardman St., 6th Floor
                                                          Youngstown, OH  44503


For Defendant-Appellant:                     Attorney Andrea Reino
                                                          602 Main Street, Suite 1005
                                                          Cincinnati, OH  45202




JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                                                          Dated: March 4, 2014

DeGenaro, P.J.

**{¶1}** Defendant-Appellant, Deborah Toda, appeals from the March 14, 2013, judgment of the Mahoning County Court of Common Pleas denying her post-sentence motion to withdraw her guilty plea. Toda asserts that the trial court erred by failing to conduct an evidentiary hearing on the motion. Further she claims the trial court's denial of her motion was an abuse of discretion because plea withdrawal was necessary to correct a manifest injustice, namely trial counsel's alleged ineffective representation during the plea proceedings and the prosecutor's alleged failure to abide by the terms of the plea agreement. Because Toda's assignments of error are meritless, the judgment of the trial court is affirmed.

## Facts and Procedural History

**{¶2}** On January 30, 2007, Toda entered a plea of guilty to aggravated grand theft, engaging in a pattern of corrupt activity, forgery, money laundering and a forfeiture specification, stemming from her employment as a bookkeeper and stealing over $1 million dollars from a dialysis clinic over a two year period. Toda was convicted and sentenced to an aggregate term of 25 years in prison. This Court affirmed Toda's conviction and sentence after appointed appellate counsel filed an *Anders* no-merit brief. *See State v. Toda (Toda I),* 7th Dist. No. 07 MA 77, 2009-Ohio-1173.

**{¶3}** On February 8, 2013, nearly six years after she was sentenced, Toda filed a motion to withdraw her guilty plea, alleging that counsel was ineffective during the plea proceedings, her plea colloquy was deficient, and that the prosecutor failed to honor his promise to stand silent during sentencing. Toda attached her own unsworn statement alleging, inter alia, that one of her attorneys advised her during plea negotiations that "if [she] signed [her] assets over, [she] would be looking at three (3) years of prison time, because [she] was unable to make full restitution."

**{¶4}** The State filed a brief in opposition arguing that the case had previously been reviewed by this court and no errors were found. Further, the State argued that Toda was represented by competent defense attorneys and had a full and complete Crim.R. 11 hearing before entering her plea of guilty. The State additionally contended that Toda failed to demonstrate manifest injustice to permit a post-sentence withdrawal of

her guilty plea.  On March 14, 2013 the trial court overruled Toda's motion.

**Standard of Review**

**{¶5}**    Crim.R. 32.1 governs motions to withdraw a guilty plea and states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Crim.R. 32.1; *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶8; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), at paragraph one of the syllabus.  A "manifest injustice" can only be established in "extraordinary cases" and has been defined by the Ohio Supreme Court as a "clear or openly unjust act."  *Smith*, 49 Ohio St.2d at 264; *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).  The purpose of the manifest injustice requirement is to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment.  *Smith* at 264.

**{¶6}**    The timing of the motion to withdraw is one factor that a trial court may consider in deciding it.  "Although there is no time limit for filing a Crim.R. 32.1 motion, undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor that affects the credibility of the defendant and mitigates against the granting of the motion."  *State v. Alexander*, 7th Dist. No. 05 MA 221, 2006-Ohio-7049, ¶35.

**{¶7}**    Importantly, the "good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved" by the trial court.  *Id.*  Thus, an appellate court reviews the disposition of a motion to withdraw a guilty plea for an abuse of discretion.  *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).  "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough."  *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶21.

**Failure to Hold an Evidentiary Hearing**

**{¶8}**    In her first of two assignments of error, Toda asserts:

**{¶9}**    "The Trial Court Abused its Discretion by Denying Appellant's Criminal Rule

32.1 Motion to Withdraw Her Guilty Plea Without a Hearing."

**{¶10}** A "hearing is not required on a post-sentence Crim.R. 32.1 motion if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn." *State v. Howard*, 7th Dist. No. 12 MA 41, 2013-Ohio-1437, ¶19, citing *State v. Snyder*, 7th Dist. No. 08-JE-27, 2009-Ohio-813, ¶15. "Thus, a defendant is only entitled to a hearing on a motion to withdraw if the trial court determines the defendant alleged facts sufficient to prove a manifest injustice." *Id.* Further, "[t]he trial court's decision to deny the motion without a hearing is granted deference. * * * Deference especially attends in a case in which the record demonstrates the court conducted the original plea hearing and was familiar with the facts of the case. In such circumstances, the trial court is in the best position to assess the credibility of the movant's assertions." *State v. Atkinson*, 8th Dist. No. 85773, 2005-Ohio-5348, ¶13-14 (internal citations omitted.).

**{¶11}** Here the same trial judge conducted the original plea and considered Toda's motion to withdraw her plea. The trial court did not abuse its discretion by failing to hold a hearing in this case. As will be analyzed further in the context of her second assignment of error, Toda failed to set forth facts demonstrating that trial counsel provided constitutionally ineffective representation. The unsworn statement Toda attached to her motion to withdraw makes numerous general allegations about matters irrelevant to withdrawing her plea, including that her assets were improperly seized, and that counsel made improper inquiries regarding the disappearance of her co-defendant's former wife.

**{¶12}** The only allegation in her statement that is truly germane is that one of her attorneys allegedly advised her during plea negotiations that "if [she] signed [her] assets over, [she] would be looking at three (3) years of prison time, because [she] was unable to make full restitution."

**{¶13}** The credibility of this statement is undercut by several factors. First, although she terms it an "affidavit," the statement attached to Toda's motion was not notarized. Second, Toda waited over six years to move to withdraw her plea. The facts

she alleges in support of her motion would have been apparent to her right after sentencing. The lengthy delay in filing weighs heavily against Toda's credibility. *See, e.g., Snyder, supra* at ¶52. Finally, her allegations are inconsistent with the written plea agreement she signed that clearly sets forth the maximum penalties for the charges and does not promise her any specific sentence. Nor was a three year sentence promised to her during the plea hearing. In fact, Toda agreed during the plea colloquy that no one had promised her anything that had not been discussed in court and that everything in the written plea agreement had been fully explained to her.

{¶14} Accordingly, as the trial court's decision not to hold a hearing on Toda's motion to withdraw her plea was proper, Toda's first assignment of error is meritless.

### Denial of Post-Sentence Motion to Withdraw Plea

{¶15} In her second of two assignments of error, Toda asserts:

{¶16} "It was Error to Deny Appellant's Motion to Withdraw Her Guilty plea Where She was Not Provided the Effective Assistance of Competent Counsel."

{¶17} In this assignment of error Toda not only asserts that trial counsel was ineffective, but also, the prosecutor breached the terms of the plea agreement by failing to stand silent during sentencing.

{¶18} With regard to the first argument, "ineffectiveness of counsel when a defendant is entering a guilty plea can be a manifest injustice that the defendant may use as the basis for a post-sentence motion to withdraw a guilty plea." *State v. Doak*, 7th Dist. Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶19 citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). Moreover, "a guilty plea is not voluntary if it is the result of ineffective assistance of counsel." *State v. Banks*, 9th Dist. No. 01CA007958, 2002-Ohio-4858, ¶16 citing *State v. Christley*, 11th Dist. No. 99-P-0022, 2000 WL 655448 (May 19, 2000).

{¶19} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that the performance of defense counsel was seriously flawed and deficient, and that the result of the trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v.*

*Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant bears the burden of proving counsel's alleged ineffectiveness, as Ohio law presumes that a licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶20} Toda claims that her attorneys were ineffective because she was not made aware of the full penal consequences of her plea; as such, this caused her plea to be less than knowing, voluntary and intelligent. She states that she did not realize that she could face a maximum of thirty years in prison and that it was incumbent upon her attorneys to make her aware of this possibility.

{¶21} The credibility of Toda's claim is undermined by the transcript of the plea hearing, the unexplained six year delay in raising it, as well as the actions of counsel reflected in the record. Her attorney at the plea hearing indicated that Toda fully understood the indictment, the charges, the elements, and all of the rights that she would be waiving. The trial court reviewed the maximum potential penalties with Toda indicating there was a potential of thirty years imprisonment.

{¶22} This court previously reviewed the trial court's plea colloquy with Toda and found no error in *Toda I*. She testified that she was freely and voluntarily making her plea and that nobody promised her anything that was not being discussed in court. She further affirmed that the trial court and her attorney fully explained everything in the Rule 11 agreement. Toda has failed to demonstrate that she was actually unaware of the maximum penalty, or that her counsel's performance was in some way deficient with respect to entering her guilty plea. Secondly, nothing in the record indicates that the result of Toda's plea hearing would have been different. Therefore, neither prong of *Strickland* has been met.

{¶23} Toda additionally contends that she was misled by her attorneys into believing that she was cooperating with the State by forfeiting her assets and assisting a criminal investigation. She asserts in her statement that "Attorney Taylor stated if I signed my assets over, I would be looking at three (3) years of prison time, because I was unable to make full restitution." On appeal Toda argues that her attorneys told her

forfeiture was a choice but in reality it was a legal requirement. Based on this, Toda believes that the plea agreement was illusory and unenforceable.

**{¶24}** A review of the record does not support this contention. Toda pled guilty to the charges as indicted. The only consideration the State made in exchange for the plea was to remain silent at sentencing. Aside from her unsworn statement in support of her motion, there is no evidence in the record to support the notion that Toda was offered a three year sentence. Regarding restitution and/or forfeiture, the following exchange took place before Toda entered her plea:

> **THE COURT**: Do you further understand you could be held responsible for court costs, restitution and the forfeiture of assets as part of your punishment?
> **DEFENDANT:** Yes.

**{¶25}** Regarding Toda's assertion that the State would stand silent during sentencing, on appeal she infers that comments made by the State at sentencing were prejudicial to her in some way. Typically, a criminal defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. *State v. Wright*, 7th Dist. No. 01 CA 80, 2002-Ohio-6096, ¶37. This court has recognized an exception to this rule in that a defendant may move to withdraw a guilty plea based on the prosecutor's violation of the terms of a plea agreement. See *State v. Namack*, 7th Dist. No. 01 BA 46, 2002-Ohio-5187, ¶26.

**{¶26}** However, this court previously reviewed and discussed the above-referenced commentary by the State in *Toda I* and found no error.

> There was a moment during sentencing when the prosecutor attempted to explain to the court that certain factors should be taken into consideration when imposing consecutive sentences. Appellant's counsel objected that this violated the plea agreement because part of the agreement was that the state would stand silent at sentencing, and it appeared that the prosecutor

was advocating for consecutive sentences. The court sustained the objection, and the prosecutor dropped the matter. (3/16/07 Tr., p. 4.) Because a proper objection was raised and sustained, there was no prejudicial error in the prosecutor's comments at the sentencing hearing.

*Toda I* at ¶18.

{¶27} Toda has not demonstrated that she received ineffective assistance of counsel that would make her guilty plea less than voluntary, knowing and intelligent. The prosecutor did not violate the terms of the plea agreement. His comments at the sentencing hearing did not amount to prejudicial error. Accordingly, the trial court did not abuse its discretion by denying her motion, and Toda's second assignment of error is meritless.

{¶28} In sum, both assignments of error are meritless. The trial court did not abuse its discretion by overruling Toda's post-sentence motion to withdraw her guilty plea without conducting a hearing; moreover, the attorneys representing Toda were not ineffective and the prosecutor did not violate the terms of the plea agreement. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.