OPINION
{¶ 1} Appellant Gary Gibson pleaded guilty in the Mahoning County Court of Common Pleas to four felony drug charges. He was sentenced to a total of four and one-half years in prison pursuant to the plea agreement. He now argues that his plea was not made knowingly, intelligently and voluntarily because he was misinformed about when he would be eligible for judicial release. Appellant argues that the trial judge should have imposed the four and one-half years of prison time so that the prison terms for all four counts would be served concurrently, thus allowing him to be eligible for judicial release at the earliest possible date. The record does not indicate that Appellant was misinformed about judicial release or that any particular date of eligibility for judicial release was part of the plea agreement. Although Appellant may have hoped that the trial judge would impose the prison terms to be most advantageous for early judicial release, the plea agreement clearly states that sentencing was at the sole discretion of the trial judge. Appellant's conviction and sentence are hereby affirmed.
 BACKGROUND OF THE CASE {¶ 2} Appellant was indicted on August 17, 2006, on three counts of trafficking in cocaine, and one count of engaging in a pattern of corrupt activity. Appellant entered into Crim. R. 11 plea negotiations with the prosecutor. On April 9, 2007, Appellant agreed to plead guilty to three counts of trafficking in cocaine, R.C. 2925.03(A)(1), (C)(4)(d), each count being a third degree felony, and one count of conspiracy to traffick in cocaine, R.C. 2925.03(A)(1), (C)(4)(d), a fourth degree felony. The charge of engaging in a pattern of corrupt activity was dismissed. The *Page 2 
written plea agreement indicates that Appellant was subject to up to five years in prison on the first three counts, and up to 18 months in prison on count four. The plea agreement indicates that Appellant would serve "1 yr [sic] mandatory minimum $5,000 minimum fine on each count." The plea agreement indicates that the trial judge retained the sole discretion in imposing a sentence, and that any agreement about the sentence between the state and Appellant was merely a recommendation. The plea agreement never mentions judicial release or a projected date of eligibility for judicial release. The transcript of the plea hearing is not in the record. On April 9, 2007, the trial count entered its judgment entry accepting the plea.
 {¶ 3} The sentencing hearing was held on May 22, 2007. The parties indicated at the hearing that they were jointly agreeing to a prison term of four-and-one-half years. (Tr., pp. 2, 4.) The court acknowledged that there was a jointly recommended sentence. The court reviewed with Appellant the rights he had waived and the options that were available to the court regarding sentencing. Appellant's attorney requested fines be imposed concurrently rather than consecutively. No mention was made of imposing any prison terms concurrently. The court asked Appellant and his counsel if there were any other matters to be addressed, and they both answered no. The court then imposed sentence. The court sentenced Appellant to one year in prison on each of counts one, two and three, which is the mandatory minimum, and 18 months on count four, all to run consecutively for a total of four and one half years in prison. *Page 3 
 {¶ 4} After sentence was announced, Appellant's counsel asked to raise an issue concerning judicial release. (Tr., p. 20.) Counsel stated that he had agreed to the four-and-one-half year prison term because he understood that Appellant would be eligible for judicial release in 18 months. Under the judicial release statute, a defendant who receives a prison sentence of less than five years is not eligible for judicial release until after any mandatory prison terms have been served. R.C. 2929.20(A)(2), (B)(5). Counsel argued that the judge had imposed the prison terms in such a way that Appellant would not be eligible for judicial release for over three years, because he must serve each of the three one-year consecutive prison terms before he would be eligible. Counsel asked the court to impose three one-year prison terms concurrently, and an additional one-and-one-half years consecutively. (Tr., p. 22.) The court rejected counsel's argument and continued with the announcement of sentence. The court notified Appellant that he would have the right to appeal the sentence given, "the apparent misconception of the recommendation that was made by your lawyer and yourself in the matter[.]" (Tr., p. 24.) This timely appeal was filed on June 20, 2007.
 ASSIGNMENT OF ERROR {¶ 5} [There is no formal assignment of error in Appellant's brief.]
 {¶ 6} Appellant argues that his guilty plea was invalid based on confusion about when he would be eligible for judicial release. Under R.C. 2929.20, a person serving a prison term of ten years or less may have the prison term reduced in certain circumstances through judicial release, at the discretion of the sentencing *Page 4 
court. Appellant contends that he was not advised of his eligibility for judicial release during the plea process, and relied on assurances from his counsel that he would be eligible for judicial release after 180 days. Appellant admits that he agreed to be sentenced to four-and-one-half years in prison, but contends that the way the sentence was imposed was fundamentally different than what was stated in the plea agreement. He asks that his plea be vacated.
 {¶ 7} The first question that arises is whether Appellant can even pursue this appeal. Normally, R.C. 2953.08(D) bars a defendant from appealing a sentence that has been jointly recommended by both the prosecutor and the defendant and is accepted by the trial judge. Appellant is unquestionably unsatisfied with his sentence, because he believes that the sentence could have been imposed in such a way as to allow him to apply for judicial release after 180 days, whereas the sentence as actually imposed prohibits him from applying for judicial release for more than three years. It is clear from the record, though, that the trial judge gave Appellant the right to appeal this issue at the end of the sentencing hearing. Thus, in this instance, R.C. 2953.08(D) does not bar Appellant from raising this issue on appeal. Furthermore, Appellant is primarily arguing that his plea was invalid, and the challenge of a plea agreement is not governed by R.C. 2953.08, which deals solely with sentencing issues.
 {¶ 8} Appellant contends that his guilty plea was somehow tied to the possibility of judicial release and that his confusion about judicial release rendered his plea invalid. Appellant and the state entered into a plea agreement pursuant to *Page 5 
Crim. R. 11(C). In order to satisfy the requirements of due process, a Crim. R. 11(C) plea of guilty or no contest must be made in a manner that is knowing, intelligent, and voluntary. State v. Nero (1990),56 Ohio St.3d 106, 564 N.E.2d 474. Although a guilty plea generally waives most errors for purposes of appeal, it does not preclude a defendant from challenging on appeal whether the plea was made knowingly, intelligently and voluntarily. State v. Kelley (1991), 57 Ohio St.3d 127,566 N.E.2d 658, paragraph two of the syllabus; State v. Spates (1992),64 Ohio St.3d 269, 272-273, 595 N.E.2d 351. A defendant must also show that any error in the plea process resulted in a prejudicial effect, which in this context means that the plea would not otherwise have been made.State v. Stewart (1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163.
 {¶ 9} Appellant is incorrect that a trial court must discuss judicial release as part of a plea agreement. "[T]he trial court need not inform a defendant about his eligibility for judicial release unless it is incorporated into a plea bargain." State v. Simmons, 1st Dist. No. C-050817, 2006-Ohio-5760, ¶ 13, citing State v. Mitchell, 11th Dist. No. 2004-T-0139, 2006-Ohio-618, and State v. Cline, 10th Dist. No. 05AP-869, 2006-Ohio-4782. There is no indication on this record that a certain date for judicial release was part of the plea agreement. Appellant's counsel did not raise the question of judicial release until after the sentence was actually announced. The prosecutor then informed the court that the state never agreed to judicial release, nor to any recommendations regarding judicial release. (Tr., p. 21.) In other words, Appellant's counsel surprised the trial judge and the prosecutor with the issue after *Page 6 
sentence was announced, and tried to convince the judge to change the terms of the sentence to allow for the possibility of an earlier date of judicial release. There is no evidence that judicial release was part of the plea process or that the trial court needed to discuss judicial release prior to the point in the sentencing hearing when Appellant's counsel raised the matter, almost as an afterthought.
 {¶ 10} Appellant cites one case in his brief, State v. Royles, 1st Dist. Nos. C-060875; C-060876, 2007-Ohio-5348. In Royles, the defendant agreed to a seven-year prison term as part of a plea agreement for two counts of trafficking in cocaine. The Royles court held that the defendant could appeal whether his plea was made voluntarily and intelligently even though his sentence was jointly recommended by the state and was accepted by the trial court. The Royles court then reviewed the plea. The record indicated that the trial judge told the defendant he was not eligible for judicial release or for any good-time reduction in his sentence. Royles held that the plea was entered into voluntarily, and the conviction and sentence were affirmed. It is unclear how Royles supports Appellant's argument. As previously stated, in the instant case the trial court was under no duty to discuss judicial release because it was not part of the plea agreement.
 {¶ 11} Further, the plea agreement clearly reflects, and Appellant was obviously aware, that the trial court retained full discretion to impose any lawful sentence, and was not bound by the recommendations made by either the defendant or the prosecutor. Even if Appellant and the prosecutor had agreed to recommend that the prison terms be imposed in such a manner that Appellant might be eligible *Page 7 
for judicial release in 18 months, the court was not bound to do so by the plea agreement. Although Appellant did not get the exact sentence he may have hoped for, he did receive a sentence that completely conforms to the terms of the plea agreement.
 {¶ 12} Because there is no error apparent from the record, the judgment of the trial court is affirmed.
 Vukovich, J., concurs. DeGenaro, P.J., concurs. *Page 1