[Cite as *State v. Turner*, 2015-Ohio-5248.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| STATE OF OHIO, | : | Case No. 15CA3685 |
| | | |
| Plaintiff-Appellee, | : | |
| | | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | | |
| JASON J. TURNER, | : | |
| | | |
| Defendant-Appellant. | : | **RELEASED: 12/14/2015** |

APPEARANCES:

Angela Wilson Miller, Jupiter, Florida, and Jason J. Turner, Caldwell, Ohio, pro se appellant.[1]

Harsha, J.

{¶1}   Following his guilty plea Jason J. Turner appeals his convictions and sentence for trafficking in heroin with a major drug offender specification and participating in a criminal gang.  His counsel advises us that she has reviewed the record and can discern no meritorious claim for appeal.  Counsel moved for leave to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  After independently reviewing the record, we agree with counsel's assessment. We find that this appeal is wholly frivolous, grant the motion for leave to withdraw, and affirm the judgment of the trial court.

I. FACTS

{¶2}   A confidential informant advised police that Turner, who was part of a Columbus street gang named the 22nd Street Bloods that sold heroin and cocaine in

---

[1] Appellee has not filed a brief in this case.

Portsmouth, was delivering heroin to the informant's residence in a rental car in the period between the late evening of June 30 and the early morning of July 1, 2014. The police followed the vehicle and stopped it after it did not stop at a stop sign. A drug-sniffing dog alerted to the presence of drugs in the vehicle, and the police conducted a search in which they seized 11.7 grams of heroin, three cell phones, and $255. The police obtained a search warrant to examine the contents of the cell phones.

{¶3} The Scioto County Grand Jury returned an indictment charging Turner and 21 other defendants with multiple criminal offenses. The trial court appointed counsel for Turner, who entered a plea of not guilty to the charges. The grand jury then returned a superseding indictment against Turner and the 21 additional defendants. In the superseding indictment the grand jury charged Turner with one count of engaging in a pattern of corrupt activity, one count of conspiracy to engage in a pattern of corrupt activities, four counts of trafficking in heroin with a major-drug-offender specification, five counts of trafficking in heroin, one count of possession of heroin, one count of conspiracy to traffic in heroin, one count of participating in a criminal gang, one count of receiving stolen property, and one count of having a weapon while under a disability.

{¶4} Turner filed a motion to suppress oral statements he made to the police and evidence seized from him during the traffic stop, including cell phone records. Following a hearing the trial court denied the motion because the search was lawful based on the automobile exception to the warrant requirement. The state noted that it did not intend to use any of Turner's statements against him at trial. And the trial court determined that the state secured a search warrant to obtain the contents of the cell phones.

{¶5}    Turner then withdrew his not-guilty plea and pleaded guilty to one count of trafficking in heroin with a major-drug-offender specification and one count of participating in a criminal gang in return for the dismissal of the remaining counts against him.  The trial court engaged in a detailed colloquy with Turner and two other defendants in which it determined that they knowingly, intelligently, and voluntarily made those pleas.  It then accepted Turner's plea and sentenced him to the agreed aggregate prison term of ten years, with two years being mandatory.

## II. MOTION TO WITHDRAW AND *ANDERS* BRIEF

{¶6}    Although Turner appealed his convictions and sentence, his appellate counsel filed a motion for leave to withdraw and an *Anders* brief. In *State v. Lester*, 4th Dist. Vinton No. 12CA689, 2013-Ohio-2485, ¶ 3, we discussed the pertinent *Anders* requirements:

> In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Anders* at 744. The client should be furnished with a copy of the brief and given time to raise any matters the client chooses. *Id.* Once these requirements are met, we must fully examine the proceedings below to determine if an arguably meritorious issue exists. *Id.* If so, we must appoint new counsel and decide the merits of the appeal. Id. If we find the appeal frivolous, we may grant the request to withdraw and dismiss the appeal without violating federal constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶7}    Turner's counsel complied with these requirements by filing a motion for leave to withdraw and furnished Turner with a copy of the brief in sufficient time for Turner to file an additional pro se brief.  In his pro se brief, Turner essentially reiterates the potential assignments of error specified by his counsel.

### III. POTENTIAL ASSIGNMENTS OF ERROR

{¶8}    Turner raises the following potential assignments of error:

I. The trial court erred by failing to comply with Crim.R. 11 in accepting Appellant Turner's guilty plea.

II. The trial court erred in denying Appellant Turner's Motion to Suppress as:  1) he was never given Miranda warnings by law enforcement and 2) his detention was unlawful.  Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

### IV. LAW AND ANALYSIS

#### A.  Validity of Guilty Plea

{¶9}    In his first potential assignment of error Turner asserts that the trial court erred by failing to comply with Crim.R. 11 in accepting his guilty plea.  Although R.C. 2953.08(D) normally precludes a defendant from appealing a jointly recommended sentence that has been accepted by the trial court, an exception exists that authorizes an appellate court to review a defendant's challenge to the validity of the plea that was the basis for the agreed sentence.  *See generally State v. Gavin*, 4th Dist. Scioto No. 14CA3672, 2015-Ohio-2549, ¶ 10, citing *State v. Gibson*, 7th Dist. Mahoning No. 07MA98, 2008-Ohio-4518, ¶ 7, and *State v. Royles*, 1st Dist. Hamilton No. C060875-76, 2007-Ohio-5348, ¶ 10.

{¶10}  " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' "  *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450

(1996). "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014–Ohio–3024, ¶ 13.

{¶11} "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Veney* at ¶ 8. Before accepting a guilty plea in a felony case a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must also inform the defendant of both the constitutional and nonconstitutional rights he is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

{¶12} "A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must generally prove prejudice, which in

this context means that the plea would otherwise have not been entered." *State v. Brigner*, 4th Dist. Athens No. 14CA19, 2015-Ohio-2526, ¶ 11, citing *Veney* at ¶ 15.

**{¶13}** As counsel concedes the record of the plea hearing establishes that the trial court complied with Crim.R. 11(C)(2)(a) by advising Turner of the charges and the maximum penalty involved, including that he would be supervised by the Adult Parole Authority for three years upon his release from prison. *See, e.g., Gavin*, 2015-Ohio-2549, at ¶ 16. The trial court further explained to Turner the potential sanctions for violating the postrelease-control requirements. *Id.* Turner signed a form explaining the maximum penalties he faced.

**{¶14}** The trial court also complied with Crim.R. 11(C)(2)(b) by informing Turner and determining that he understood the effect of his guilty plea and that the court, upon acceptance of the plea, could proceed with judgment and sentence. Turner specified that he understood the effect of his guilty plea and that nobody had made any additional promises, threats, or inducements to get him to change his plea to guilty. He also signed a form that reiterated this.

**{¶15}** Finally, the trial court complied with Crim.R. 11(C)(2)(c) by advising Turner that by pleading guilty, he was waiving his rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself. Turner also signed a form waiving these rights.

**{¶16}** Therefore, we agree with counsel's assessment that the trial court complied with Crim.R. 11 in accepting his guilty plea.

**{¶17}** Turner nevertheless argues in his pro se brief that his "acceptance of a plea deal was due to the hardships of being detained in custody illegally, feeling pressured due to the ineffectiveness of counsel, whom Turner (appellant) showed "No Faith" in being represented * * *." But his conclusory statements are not supported by anything in the record. In fact, the colloquy at the plea hearing disproves his claim. For example, Turner represented at the plea hearing that he was satisfied with the efforts of his trial counsel. He thus has not proven that the trial court erred in determining that his guilty plea was knowingly, intelligently, and voluntarily made. We overrule Turner's first potential assignment of error.

## B. Suppression Ruling

**{¶18}** In his second potential assignment of error Turner argues that the trial court erred in denying his motion to suppress. As counsel notes, this assignment is meritless because Turner waived his right to contest the trial court's ruling on his motion to suppress when he pleaded guilty. *See State v. Johnson*, 4th Dist. Hocking No. 14CA16, 2015-Ohio-854, ¶ 5, citing *State v. Lee*, 4th Dist. Washington No. 13CA42, 2014-Ohio-4898, ¶ 6; *see also State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus (guilty plea "waives all appealable errors which may have occurred * * * unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea"). Nor is there any evidence in the record showing that any purported error regarding the suppression ruling precluded Turner from knowingly, intelligently, and voluntarily entering his guilty plea to two of the charged offenses in return for the dismissal of the remaining 14 charges.

## V. CONCLUSION

{¶19} Because the potential assignments of error are meritless and having independently discovered no arguably meritorious issues for appeal, we find this appeal is wholly frivolous, grant counsel's motion to withdraw, and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J., & Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
     William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**