[Cite as *State v. Kergan*, 2012-Ohio-1407.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO/<br>CITY OF YOUNGSTOWN, | ) | |
| | ) | CASE NO. 11 MA 72 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| WILLIAM KERGAN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Youngstown
Municipal Court,
Case No. 07 CRB 1685.

JUDGMENT:        Affirmed.

APPEARANCES:
For Plaintiff-Appellee:        No Brief Filed.

For Defendant-Appellant:        Attorney Tracey Laslo
325 East Main Street
Alliance, OH 44601

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

Dated: March 23, 2012

DeGenaro, J.

{¶1} Plaintiff-Appellant, William Kergan, appeals the February 28, 2011 judgment of the Youngstown Municipal Court convicting him of one count of domestic violence. Kergan contends his conviction is against the sufficiency and weight of the evidence. Any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, even based upon the limited record before this court. Kergan's manifest weight challenge is also meritless since he has failed to provide this court with a complete transcript and we must presume the regularity of the proceedings below. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} On May 29, 2007, Kergan was charged by complaint with a first-degree misdemeanor count of domestic violence which was later amended to a fourth-degree misdemeanor pursuant to R.C. 2919.25(C), alleging that Kergan threatened his then-wife Jane with physical harm.

{¶3} At a bench trial, Jane testified that on May 28-29, 2007, the couple had gone on a camping trip over the holiday weekend and had been arguing. The arguing continued when they returned home on May 28, consisting mainly of Kergan berating Jane, harassing her and telling her she was inadequate. Kergan threatened to punch Jane in the head, and also snapped a shirt at her in a menacing fashion. The next morning, May 29, the arguing resumed. Kergan left the home with Jane's cell phone. When he returned, he demanded to know the code to access the phone's voicemails. When Jane refused to tell him, Kergan threatened to throw the phone at her head. He ultimately threw the phone on the floor. Jane called her father-in-law, her brother, and then police to report the incident.

{¶4} Jane testified that when Kergan threatened to strike her with the cell phone she was fearful and believed the threat was legitimate based on threats Kergan had made to her in the past. Two to three weeks prior, Kergan had knocked her down the stairs, causing a back injury and bruising, which she did not report to police because Kergan threatened to kill her if she did. Kergan testified that following the May 29 incident she also filed for a domestic violence civil protection order. At the close of Jane's

testimony, the transcript submitted to this court ends. Although the record alludes to other witnesses testifying, the transcript filed for appeal only contains Jane's testimony.

{¶5} After discussing its findings, the trial court found Kergan guilty of domestic violence. With regard to the sentence, the trial court's judgment entry states:

> Per the Court's review, the Court finds that the defendant has not been charged with another criminal offense in the City of Youngstown or Mahoning County Ohio since this offense. As well, the Court finds that defendant and victim have since divorce. [sic] Therefore all sanctions are waive. [sic] Defendant is assessed costs. The Clerk is ordered to collect cost[s]."

{¶6} On May 3, 2011, Kergan filed a motion to vacate, arguing he did not receive the judgment entry from the court, or any other notice of judgment, until March 31, 2011; on that date he received a letter from the clerk's office notifying him of a bond refund because his case was concluded. The trial court denied the motion to vacate, and we accepted Kergan's delayed appeal. Because the State failed to file a brief, App.R. 18(C) permits us to accept Kergan's statement of the facts and issues as correct and reverse the judgment of the trial court if his brief reasonably appears to sustain such action.

### Sufficiency

{¶7} In his first of two assignments of error, Kergan asserts:

{¶8} "The evidence was insufficient to support a finding of domestic violence under O.R.C. §2929.25(c)."

{¶9} Sufficiency of the evidence is the standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict." *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). Thus, sufficiency is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of

fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Smith* at 113.

**{¶10}** Kergan was convicted of one count of domestic violence: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." R.C. 2919.25(C). Multiple terms in the statute are defined by statute or case law.

**{¶11}** "The term 'threat' represents a range of statements or conduct intended to impart a feeling of apprehension in the victim, whether of bodily harm, property destruction, or lawful harm, such as exposing the victim's own misconduct." *State v. Cress*, 112 Ohio St.3d 72, 858 N.E.2d 341, 2006-Ohio-6501, ¶39. Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Physical harm is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

**{¶12}** Further, courts have defined the term "imminent" as:

" 'ready to take place,' 'near at hand,' 'impending,' 'hanging threateningly over one's head,' or 'menacingly near.' 'Imminent' does not mean that 'the offender carry out the threat immediately or be in the process of carrying it out.' Rather, the critical inquiry is 'whether a reasonable person would be placed in fear of imminent (in the sense of unconditional, non-contingent), * * * physical harm[.]" *State v. McKinney*, 9th Dist. No. 24430, 2009-Ohio-2225, ¶11, quoting *State v. Tackett*, 4th Dist. No. 04CA12, 2005-Ohio-1437, ¶14.

**{¶13}** And as this court has explained:

In establishing whether the victim believed that physical harm was imminent, [pursuant to R.C. 2919.25(C)], it has been determined that the trier of fact may consider other acts of violence by the offender towards the victim. *State v. Collie*, 108 Ohio App.3d 580, 583-84, 671 N.E.2d 338 (1996). However, said 'other acts' must be completely specific as to time and place. *Id.* 'Properly particularized past behavior should be permitted to prove this element of the offense; generalizations should not.' *Id. State v. Kent*, 7th Dist. No. 97 CA 129, 1999 WL 689222 (Aug. 26, 1999.)

{¶14} Kergan has not provided this court with a complete trial transcript, in accordance with App.R. 9, which makes it difficult to review the merits of the sufficiency challenge. "It is appellant's responsibility to provide the court with a record of the facts, testimony, and evidence in support of [his] assignments of error." *State v. Bugaj*, 7th Dist. No. 06-BE-23, 2007-Ohio-964, ¶11-12, citing *State v. Funkhouser*, 7th Dist. No. 02-BA-4, 2003-Ohio-697, ¶13. Absent a complete transcript this court must presume the regularity of the proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶15} Although the record alludes to other witnesses testifying, the transcript filed for appeal only contains Jane's testimony. Kergan's recitation of the facts in his appellate brief only discusses Jane's testimony, and merely makes reference to Kergan *himself* testifying. The trial court discusses the testimony of the "arriving officer" in the judgment entry of conviction, the record contain subpoenas for several Youngstown police officers to testify at trial, and the State references Officer Melvin Johnson's testimony in its post-trial brief. Finally, at the start of trial, the prosecutor stated that "the Court will hear testimony from her [Jane] as well as the first officer at the scene."

{¶16} However, even based on the limited transcript, there is sufficient evidence supporting the conviction. The victim testified that based upon Kergan's specific prior threats and violent conduct towards her, that she was fearful when he threatened to throw

the cell phone at her, and believed that threat was legitimate. Further, as noted by the trial court in its judgment entry, "the arriving officer testified that the victim was visibly shaken, was crying and stated that she was distraught," which provides circumstantial evidence of her fear.

**{¶17}** Thus, based upon the limited record any rational trier of fact could have found that the State proved all the elements of domestic violence beyond a reasonable doubt. Moreover, Kergan's failure to provide a complete record, we must presume the regularity of the trial court's proceedings. Accordingly, Kergan's first assignment of error is meritless.

**Manifest Weight**

**{¶18}** In his second and final assignment of error, Kergan asserts:

**{¶19}** "Defendant's conviction was against the manifest weight of the evidence."

**{¶20}** In contrast to the sufficiency standard discussed above, "[w]eight of the evidence concerns the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other." (Emphasis sic.) *Id.* A conviction will only be reversed as against the manifest weight of the evidence in exceptional circumstances. *Id.* This is so because the triers of fact are in a better position to determine credibility issues, since they personally viewed the demeanor, voice inflections and gestures of the witnesses. *State v. Hill*, 75 Ohio St.3d 195, 204, 661 N.E.2d 1068 (1996); *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967).

**{¶21}** To determine whether a verdict is against the weight of the evidence, an appellate court *must review the entire record*, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (Emphasis added.) *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

**{¶22}** Here, Kergan failed to provide an entire record for this court's review. When this situation has presented itself in the past, and the appellant challenged his conviction as against the manifest weight, this court has affirmed the trial court's decision, even

where, as here, the State failed to file an appellee's brief. *State v. Budrovic*, 7th Dist. No. 00 CA 5, 2001-Ohio-3437, *2.

> When an appellant contends the trial court's decision is against the manifest weight of the evidence, in most cases, this places at issue the entire record of proceedings in the trial court. Accordingly, a reviewing court must be provided with a record to review. In this case, [the appellant] has not provided us with the transcript of the proceedings in violation of App.R. 9, which provides an appellant shall provide a transcript when it is necessary for appellate review.

> "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199." *Budrovic* at *1.

{¶23} In this case, we are similarly constrained by the absence of a full transcript. It is impossible for us to determine whether Kergan's conviction is against the weight of the evidence because the limited record before us demonstrates that in addition to Jane, at a minimum, Kergan himself and a police officer testified. The incomplete nature of the record precludes us from weighing all the evidence, because it is not all before us. This requires us to presume the regularity of the proceedings and determine that Kergan's manifest weight challenge is meritless.

{¶24} In sum, both assignments of error are meritless. Any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, even based upon the limited record before this court. Kergan's manifest weight challenge

is meritless since he has failed to provide this court with a complete transcript and we must presume the regularity of the proceedings below. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.