[Cite as *State v. Brewer*, 2016-Ohio-3224.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 MA 0127 |
| VS. | ) | |
| | ) | OPINION |
| CHASE HALE BREWER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the County Court
                             No. 4 of Mahoning County, Ohio
                             Case Nos. 2014 CRB 00044 and
                                      2014 CRB 00045

JUDGMENT:                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee        Attorney Paul Gains
                             Mahoning County Prosecutor
                             Attorney Ralph Rivera
                             Assistant Prosecutor
                             21 West Boardman Street, 6th Floor
                             Youngstown, Ohio 44503

For Defendant-Appellant       Chase Brewer, Pro-se
                             1776 Beaconwood Street
                             South Euclid, Ohio 44121

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                             Dated: May 27, 2016

DeGENARO, J.

{¶1}     Pro-se Defendant-Appellant, Chase H. Brewer, appeals the judgment of the Mahoning County Court No. 4, overruling his post-sentence motion to withdraw his guilty plea. He raises ten assignments of error that attack the propriety of the decision. Upon review, Brewer's assignments of error are meritless. The trial court did not abuse its discretion by denying Brewer's post-sentence motion to withdraw his guilty plea without an evidentiary hearing, because Brewer failed to establish that a manifest injustice occurred during the plea-bargaining process, or for any other reason. Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶2}     Brewer was charged with one count of failure to comply, R.C. 2921.331, a first-degree misdemeanor, and one count of obstructing official business, R.C. 2921.31, a second-degree misdemeanor. During a traffic stop, Brewer initially refused to answer when the trooper asked him if he had a weapon; instructed his passenger not to provide identification to the trooper; and then refused to exit the vehicle after several requests by the trooper. Brewer was arraigned, pled not guilty and counsel was appointed to represent him. Counsel filed a motion to dismiss/motion to suppress which was overruled by the trial court.

{¶3}     Pursuant to a plea agreement, Brewer pled guilty to the failure to comply charge, and the State agreed to dismiss the obstructing charge. The trial court sentenced Brewer to six months of non-reporting probation and imposed a $100.00 fine.  Brewer failed to file a direct appeal from the sentencing entry. He did file a pro-se motion to stay the execution of his sentence so he could move the trial court to withdraw his plea.

{¶4}     On July 17, 2014, Brewer filed a pro-se motion to withdraw his guilty plea. He alleged that trial counsel's performance was deficient and that his plea must be vacated to prevent a manifest injustice. He attached 40 exhibits, including email correspondence between Brewer and court-appointed counsel, the internal affairs report, unsworn statements from Brewer and his passenger, and a video recording taken by the passenger during the police encounter.

{¶5} On August 6, 2014, the trial court denied Brewer's motion and stay request without a hearing. Brewer filed a pro-se motion for findings of fact and conclusions of law, which the trial court did not rule upon. This timely appeal followed. Brewer never filed a praecipe and hence no transcripts were prepared for the appellate record.

**Post-Sentence Motion to Withdraw Guilty Plea**

{¶6} Brewer raises ten assignments of error on appeal, all of which challenge the trial court's decision to overrule his post-sentence motion to withdraw his guilty plea. Accordingly, they will be discussed together. They assert as follows:

> Judge David D'Appolito [sic] abused the trial Court's discretion to the Appellant's prejudice by not scheduling a Rule 32.1 hearing to discuss the manifest injustice issues the Appellant legitimately demonstrated in over 40 exhibits about the incompetent, provably deceitful and disciplinary rule violating misconduct of court-assigned counsel Jon Michael Thompson.

> Harmful and prejudicial errors were committed by the trial Court's unexplained abuse of discretion when the judge ignored the sufficiency and manifest weight of evidence in the over 40 exhibits of emails, public records and court filings the Appellant explained in his Rule 32.1 motion; documents which proved that court-assigned counsel's disciplinary rule violating misconduct substantially created a manifest injustice against the Appellant's constitutional right to obtain and present additional Ohio Highway Patrol records that contradicted the evidence and testimony the 4 troopers delivered to the prosecuting attorney to support their unlawful detention, search and arrest.

> Harmful and prejudicial errors were committed when the trial Court ignored the sufficiency of evidence in the Appellant's Rule 32.1 pleading which provided email communications showing that Thompson was lying to the Appellant about uncorrected and legally unsupported pleadings he was filing and not filing; Thompson failing to obtain and submit trooper statements from the Ohio Highway Patrol internal affairs investigation that contradicted the statements they delivered to the prosecutor; Thompson failing to correct inaccurate information in a suppression motion; and failing to hold the prosecuting attorney and fellow bar association member accountable for not performing his continuing duty to disclose as evidence of the manifest injustice against

the Appellant.

Harmful and prejudicial errors were committed when the trial Court ignored the sufficiency of evidence in the Appellant's Rule 32.1 motion which proved the manifest injustice that was created when Thompson co-mingled 9 pages of another client's tax information in the middle of a 13-page motion he was filing on the Appellant's behalf without his knowledge.

Harmful and prejudicial errors were committed when the trial Court ignored the sufficiency and manifest weight of evidence in the Appellant's Rule 32.1 motion which proved Thompson's fraudulent and deceptive acts never afforded the Appellant with his constitutional right to competent and honest legal counsel who presented his evidence and testimony to the Court as instructed and acknowledged in writing.

Harmful and prejudicial errors were committed when the trial Court ignored Thompson's Rule 11 violations that the Appellant identified in his Rule 32.1 motion which showed court-assigned counsel submitting motions and pleadings that were factually-inaccurate, unsupported by laws, and that did not present the Appellant's evidence as he had been instructed in writing to do from the beginning of their engagement.

Harmful and prejudicial errors were committed when the trial Court ignored the sufficiency of evidence presented in the Appellant's Rule 32.1 motion that Thompson did not protect the Appellant's appeal rights when he failed to pursue findings of fact and conclusions of law after the motions, and inaccurate and uncited pleadings he was submitting to the court were denied by Judge D'Apolito.

Harmful and prejudicial errors were committed when the trial Court ignored the sufficiency of evidence of deception the Appellant identified in his Rule 32.1 motion that featured an email Thompson forwarded to the Appellant in January 2014 email at the beginning of their client — attorney relationship which stated that he believed the troopers conduct was improper, and where he claimed he was angry about the arrest as the reason for his delay in writing an ultimately inaccurate motion to suppress that didn't contain any legal citations. The Appellant believes the trial Court showed bias against him for ignoring a June 2014 email from Thompson where he lied that he told the Appellant from the beginning of his case that it was a loser, which came after the Appellant informed Thompson that he was filing a complaint with the Supreme Court of Ohio's disciplinary counsel to

report his disciplinary rule violations.

The trial Court erred to the Appellant's prejudice when it failed to review the Ohio Highway Patrol records the Appellant obtained on his own and delivered to Thompson which showed inaccurate trooper statements that identified his race as white, that showed the officer testifying at the suppression hearing was not the arresting officer, that showed the officers manufacturing an arrest by conjuring up a suspicion that he had kidnapped his white girlfriend while she recorded their unlawful acts from her cell phone.

The trial Court erred to the Appellant's prejudice when it ignored his Rule 32.1 evidence which showed the Court accepting one of the trooper's probable cause reasons for becoming suspicious about and arresting the Appellant was when the Appellant expressed knowledge of his constitutional rights that he knew were his constitutional rights, and 4 troopers search and arrest resulting in no evidence that the Appellant had committed a crime, no evidence that the car was stolen which he had already testified that he knew wasn't stolen, no evidence that he was carrying drugs or possessing a weapon in a state where he was constitutionally-allowed to carry openly or concealed with a license.

{¶7} Crim.R. 32.1 governs motions to withdraw a guilty plea and states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1; *State v. Bush*, 96 Ohio St.3d 235, 2002–Ohio–3993, 773 N.E.2d 522, ¶ 8; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), at paragraph one of the syllabus.

{¶8} A hearing on the motion must be held only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Brooks*, 7th Dist. No. 04 MA 240, 2005–Ohio–5058, ¶ 9. But, the trial court's decision whether to hold a hearing is granted deference. *State v. Toda*, 7th Dist. No. 13 MA 44, 2014-Ohio-943, ¶ 10. " 'Deference especially attends in a case in which the record demonstrates the court conducted the original plea hearing and was familiar with the facts of the case. In such circumstances, the trial court is in the best position to assess the credibility of the movant's assertions.' " *Toda* at ¶ 10,

quoting *State v. Atkinson*, 8th Dist. No. 85773, 2005–Ohio–5348, ¶ 13–14.

**{¶9}** The manifest injustice required to vacate a plea post-sentence can only be established in extraordinary cases and has been defined by the Ohio Supreme Court as a "clear or openly unjust act." *Smith*, 49 Ohio St.2d at 264; *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). Additionally, "[t]his court has referred to a manifest injustice as 'an extraordinary and fundamental flaw in the plea proceeding.' " *State v. Fry*, 7th Dist. No. 12 MA 156, 2013-Ohio-5865, ¶ 12, quoting *State v. Lintner*, 7th Dist. No. 732, 2001 WL 1126654 (Sept. 21, 2001), *3. The purpose of the manifest injustice requirement is to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment. *Smith* at 264.

**{¶10}** An appellate court reviews the disposition of a motion to withdraw a guilty plea for an abuse of discretion. *State v. Carabello*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985). "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013–Ohio–2951, ¶ 21.

**{¶11}** The crux of Brewer's argument seems to be that trial counsel was ineffective, especially during the plea bargaining process. As we have explained:

> Manifest injustice to support withdrawal of a guilty plea can take the form of ineffective assistance of counsel. *State v. Dalton*, 153 Ohio App.3d 286, 2003–Ohio–3813, 793 N.E.2d 509 ¶ 18 (10th Dist.). *See also State v. Howard*, 7th Dist. No. 12MA41, 2012–Ohio–1437. In seeking to invalidate a guilty plea based on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that he was prejudiced by the deficiency, i.e. a reasonable probability that he would not have agreed to plead guilty but for counsel's deficiency. *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992) (a presentence motion case), applying *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)

(setting forth the basic two-part test for evaluating counsel's performance) and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (applying Strickland to an attorney's representation at the plea stage).

*State v. Helms*, 7th Dist. No. 14 MA 96, 2015-Ohio-1708, ¶ 11

**{¶12}** As an initial matter, the State asserts that all of Brewer's arguments are barred by res judicata since he failed to file a direct appeal. Indeed in *State v. Reed,* 7th Dist. No. 04 MA 236, 2005-Ohio-2925, this court noted that "[t]his court, and several other courts, has previously held that a criminal defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal." *Id.* at ¶ 11 (citing cases). We went on to explain that this is because a motion to withdraw a plea under Crim.R. 32.1 is the equivalent of a motion under Civ.R. 60(B), and 60(B) relief is not substitute for a direct appeal. *Id.* at ¶ 11-13. However, where the defendant supports his Crim.R. 32.1 motion with evidence de hors the record, an exception to res judicata can be applied. *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583, ¶ 12 (10th Dist.).

**{¶13}** Brewer attached 40 exhibits to his motion to withdraw his plea, all of which this Court has reviewed. These include, inter alia, email correspondence between Brewer and court-appointed counsel; the internal affairs report; unsworn statements from Brewer, his passenger, and his father; and a video recording taken by the passenger during the police encounter. Also reviewed was the trooper's dash cam video, which was included in the original record.

**{¶14}** These exhibits do not support Brewer's assertion that trial counsel was ineffective or that counsel somehow coerced him into pleading guilty. Rather, they demonstrate that the State had a strong case against Brewer, and that counsel zealously represented Brewer by: filing a motion to suppress, allowing Brewer to participate in his defense to the greatest extent permitted, and by staying in close contact with Brewer during the pendency of the proceedings.

**{¶15}** Brewer asserts that counsel pushed him into a plea deal by telling him

that the potential penalties of proceeding to trial would be too great. Even assuming this is true, this was not coercive but rather prudent advice given the evidence the State had against Brewer and the potential penalties he faced for a first and second degree misdemeanor.

**{¶16}** Following his plea and sentence, Brewer merely had "buyer's remorse" regarding his decision to plead guilty and blamed his decision on counsel. In fact, the email correspondence demonstrates that Brewer was satisfied with counsel up to the point of the plea; it was not until several days after the plea and sentence that Brewer's emails to counsel took a negative tone and he ultimately filed a disciplinary complaint against him. Brewer's chief complaint seemed to be that counsel did not present the evidence Brewer requested during the suppression hearing, i.e., his passenger's video of the stop and other documents his father received pursuant to a public records request.

**{¶17}** However, the defendant is not entitled to micromanage every motion and strategy of court-appointed counsel. *See, e.g., State v. Moore,* 2012-Ohio-1958, 970 N.E.2d 1098, (8th Dist.):

> The accused is not guaranteed a "meaningful relationship" with his counsel. *Morris v. Slappy*, 461 U.S. 1, 13–14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). The fact that an accused disagrees with his attorney regarding trial tactics and strategy is insufficient to warrant the substitution of counsel. *State v. Alexander*, 10th Dist. Nos. 05AP–192 and 05AP–245, 2006-Ohio-1298, 2006 WL 701137.

*Moore* at ¶ 23.

**{¶18}** And in any event, counsel was constitutionally effective in this case and Brewer's proposed evidence would not have changed the outcome.

**{¶19}** Moreover, Brewer failed to file a transcript of the plea hearing for inclusion in the appellate record, so we have no way of knowing the extent of the colloquy between Brewer and the trial court. Likewise no transcript of the

suppression hearing was ordered. Under such circumstances this court must presume the regularity of the proceedings below. *See, e.g., State v. Kergan*, 7th Dist. No. 11 MA 72, 2012-Ohio-1407, ¶ 22; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

**{¶20}** The plea/sentencing judgment entry does indicate that the prosecutor's offer was time sensitive, but this, standing alone, does not appear to be unduly coercive. And Brewer concedes that when he expressed doubts about the plea to the trial court during the plea hearing, the court gave him time to think it over, after which he still decided to plead guilty.

**{¶21}** In sum, the trial court did not abuse its discretion by denying Brewer's post-sentence motion to withdraw his guilty plea without an evidentiary hearing, because Brewer failed to establish that a manifest injustice occurred during the plea-bargaining process, or for any other reason. Accordingly, for the foregoing reasons Brewer's ten assignments of error are meritless. The judgment of the trial court is affirmed.


Donofrio, P. J., concurs.

Waite, J., concurs.