[Cite as *State v. James*, 2019-Ohio-4237.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RASHAWN JAMES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 JE 0017**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 17-CR-39

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee and

*Atty. Katherine Rudzik,* 29 Market Street, Suite 904, Youngstown, Ohio 44503, for Defendant-Appellant..

Dated:  October 9, 2019

---

**D'APOLITO, J.**

**{¶1}**   Appellant, Rashawn James, appeals from the July 26, 2018 judgment of the Jefferson County Court of Common Pleas denying his pro se post-sentence motion to withdraw his guilty plea without a hearing.  On appeal, Appellant asserts his trial counsel was ineffective during the plea bargaining process.  Based on the limited record before us, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}**   On April 5, 2017, Appellant was indicted by the Jefferson County Grand Jury on two counts: count one, possession of drugs, a felony of the second degree, in violation of R.C. 2925.11(A) and (C)(6)(d); and count two, possession of drugs, a felony of the first degree, in violation of R.C. 2925.11(A) and (C)(4)(e).  Appellant was appointed counsel and pleaded not guilty at his arraignment.

**{¶3}**   A jury trial was held on July 25, 2017.[1]  A July 25, 2017 trial court judgment entry indicates that the jury was duly impaneled and sworn.  Opening statements were made by counsel.  Testimony was adduced in full by Appellee, the State of Ohio.  The State rested.  The defense rested without presenting any testimony.  Closing arguments were made by counsel.  While the jury was deliberating, Appellant withdrew his former plea and entered a guilty plea to the indictment in open court.  A change of plea form was signed by Appellant and his counsel.  The parties entered into an agreed recommendation of sentence of a total of four years in prison.

**{¶4}**   On July 26, 2017, the trial court followed the parties' recommendation and sentenced Appellant to a total of four years in prison.  The court noted that Appellant "was afforded all rights pursuant to Criminal Rules 11 and 32."  (7/26/17 Judgment Entry, p. 1).

**{¶5}**   On September 1, 2017, Appellant filed a pro se motion for delayed appeal of his sentence with this court, Case No. 17 JE 0024.  On November 21, 2017, this court denied Appellant's request for delayed appeal finding it to be "clearly frivolous."  (11/21/17

---

[1] The jury trial transcript was not filed and is not in the record before this court.

Judgment Entry, p. 2). This court stated that "[t]he record directly contradicts Appellant's allegation" that he was not told of his right to appeal his sentence as he "'was afforded all rights pursuant to Criminal Rule 11 and 32.'" (*Id.* at 1). This court further stated that Appellant's agreed sentence is "'not appealable'" and "cannot be reviewed," citing R.C. 2953.08(D) and *State v. Esposito*, 7th Dist. Mahoning No. 06 MA 116, 2007-Ohio-7220, ¶ 17. (*Id.* at 2).

{¶6} On April 4, 2018, Appellant filed a pro se post-sentence motion to withdraw his guilty plea. On July 26, 2018, the trial court denied his motion without a hearing. Appellant filed the instant appeal and raises a single assignment of error.[2]

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION TO VACATE HIS PLEA.**

An appellate court reviews the disposition of a motion to withdraw a guilty plea for an abuse of discretion. *State v. Carabello,* 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985). "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon,* 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

*State v. Brewer*, 7th Dist. Mahoning No. 14 MA 0127, 2016-Ohio-3224, ¶ 10.

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. Crim.R. 32.1. When a defendant seeks to withdraw a guilty plea after the trial court imposed a sentence, the defendant bears the burden of establishing the existence of a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324

---

[2] The State did not file an appellate brief.

(1977). Post-sentence plea withdrawal is allowable only in an extraordinary case. *Id.*

*State v. Devine*, 7th Dist. Columbiana No. 17 CO 0013, 2019-Ohio-778, ¶ 18.

A hearing on the motion must be held only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Brooks,* 7th Dist. No. 04 MA 240, 2005-Ohio-5058, ¶ 9. But, the trial court's decision whether to hold a hearing is granted deference. *State v. Toda,* 7th Dist. No. 13 MA 44, 2014-Ohio-943, ¶ 10.

*Brewer, supra*, at ¶ 8.

**{¶7}** An agreed sentence is not appealable pursuant to R.C. 2953.08(D). *Esposito, supra,* at ¶ 17. However, an appellate court can review the validity of the plea leading to the agreed sentence. *See State v. Gibson*, 7th Dist. Mahoning No. 07MA98, 2008-Ohio-4518, ¶ 7; *State v. Gavin*, 4th Dist. Scioto No. 14CA3672, 2015-Ohio-2549, ¶ 10; *State v. Royles*, 1st Dist. Hamilton No. C060875-76, 2007-Ohio-5348, ¶ 10.

**{¶8}** As stated, this court could not review Appellant's first appeal, Case No. 17 JE 0024, because he took issue with his agreed sentence. (11/21/17 Judgment Entry); *Esposito, supra,* at ¶ 17. However, this court can review Appellant's present appeal because he takes issue with his plea. *Gibson, supra,* at ¶ 7.

**{¶9}** Appellant mainly argues here that his trial counsel was ineffective during the plea bargaining process. As this court has explained:

Manifest injustice to support withdrawal of a guilty plea can take the form of ineffective assistance of counsel. *State v. Dalton,* 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509 ¶ 18 (10th Dist.). *See also State v. Howard,* 7th Dist. No. 12MA41, 2012-Ohio-1437. In seeking to invalidate a guilty plea based on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that he was prejudiced by the deficiency, i.e. a reasonable probability that he would not have agreed to plead guilty but for counsel's deficiency. *State v. Xie,* 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992) (a presentence motion case),

applying *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (setting forth the basic two-part test for evaluating counsel's performance) and *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (applying Strickland to an attorney's representation at the plea stage).

*Brewer*, *supra*, at ¶ 11, quoting *State v. Helms*, 7th Dist. Mahoning No. 14 MA 96, 2015-Ohio-1708, ¶ 11.

**{¶10}** Although Appellant's assignment raised in this appeal is a reviewable issue, he failed to file a transcript for inclusion in the appellate record. Thus, this court has no way of knowing the extent of the colloquy between Appellant, his counsel, and the trial court when Appellant withdrew his former plea and entered a guilty plea to the indictment in open court during jury deliberations. "Under such circumstances, this court must presume regularity of the proceedings below." *Brewer, supra,* at ¶ 19.

**{¶11}** The record before us does not reveal that Appellant's trial counsel was ineffective. Pursuant to *Strickland, supra,* Appellant fails to show that his trial counsel's performance was deficient and that the deficient performance prejudiced the defense.

**{¶12}** The record before us does reveal, however, that Appellant did in fact sign a change of plea form and "was afforded all rights pursuant to Criminal Rules 11 and 32." (7/26/17 Judgment Entry, p. 1).

**{¶13}** In sum, the trial court did not abuse its discretion in denying Appellant's pro se post-sentence motion to withdraw his guilty plea without a hearing because he failed to establish that a manifest injustice occurred during the plea-bargaining process, or for any other reason. *See Brewer, supra,* at ¶ 21.

## CONCLUSION

**{¶14}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Jefferson County Court of Common Pleas, denying Appellant's pro se post-sentence motion to withdraw his guilty plea without a hearing, is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

[Cite as *State v. James*, 2019-Ohio-4237.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**