[Cite as *State v. Buggs*, 2020-Ohio-4143.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

IVAN J. BUGGS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 JE 0001

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 18-CR-209

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor and *Atty. Samuel Pate,* Assistant Prosecuting Attorney, Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee and

Ivan J. Buggs, *Pro Se*, #A762-269, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, Defendant-Appellant.

Dated: August 12, 2020

_____

**D'APOLITO, J.**

**{¶1}** Appellant, Ivan J. Buggs, appeals from the December 9, 2019 judgment of the Jefferson County Court of Common Pleas denying his pro se post-sentence motion to withdraw his guilty plea without a hearing. On appeal, Appellant asserts that his retained trial counsel rendered ineffective assistance, thereby invalidating his guilty plea, and that the trial court erred in denying his motion to withdraw without a hearing. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** Appellant was on active parole with the Ohio Department of Rehabilitation and Correction, Adult Parole Authority. Numerous reports indicated that Appellant was trafficking in drugs from his residence located at 1406 Euclid Avenue, Steubenville, Jefferson County, Ohio.[1] A compliance search revealed heroin and cocaine, an operable firearm, and monetary proceeds.

**{¶3}** On February 6, 2019, Appellant was indicted by the Jefferson County Grand Jury on three counts: count one, possession of drugs (heroin), a felony of the second degree, in violation of R.C. 2925.11(A) and (C)(6)(d), with a forfeiture specification; count two, possession of drugs (cocaine), a felony of the second degree, in violation of R.C. 2925.11(A) and (C)(4)(d), with a forfeiture specification; and count three, having a weapon while under a disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3). Appellant retained counsel, pleaded not guilty at his arraignment, and waived his right to a speedy trial.

**{¶4}** On March 21, 2019, Appellant filed a motion to suppress. Four days later, Appellee, the State of Ohio, filed a memorandum contra indicating that Appellant had agreed to warrantless searches as he was on active parole with the Adult Parole

_____

[1] Appellant's place of residence was confirmed by a written and signed residential rental agreement between Appellant and his landlord. (State's Exhibit B).

Case No. 20 JE 0001

Authority.  The State attached the Conditions of Supervision to its memorandum contra, which states in pertinent part:

In consideration of having been granted supervision on July 31, 2017

* * *

7. I [Appellant] agree to the warrantless search of my person, motor vehicle, place of residence, personal property, or property that I have been given permission to use by my supervising officer or other authorized personnel of the Ohio Department of Rehabilitation and Correction at any time.

(3/25/2019 State's Memorandum Contra, Conditions of Supervision, Exhibit A).

{¶5}    A hearing on the motion to suppress was scheduled for May 3, 2019.  Due to the parties' agreement, however, Appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to all counts as charged in the indictment.  The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.  The court sentenced Appellant, pursuant to a jointly recommended sentence, to seven years in prison.  The court noted that Appellant "was afforded all rights pursuant to Criminal Rules 11 and 32." (5/10/2019 Judgment Entry, p. 1).

{¶6}    On November 21, 2019, Appellant filed a pro se post-sentence motion to withdraw his guilty plea.  The State filed a memorandum contra the next day.  Appellant filed a pro se reply on December 2, 2019.  One week later, the trial court denied Appellant's pro se post-sentence motion to withdraw his guilty plea without a hearing.

{¶7}    Appellant filed a timely pro se appeal and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**BASED UPON MISADVICE AND FALSE INFORMATION FROM RETAINED COUNSEL, APPELLANT'S GUILTY PLEA WAS LESS THAN INTELLIGENT AND VOLUNTARY.**

Case No. 20 JE 0001

{¶8} Appellant argues that his retained trial counsel rendered ineffective assistance, thereby invalidating his guilty plea. Appellant claims his representatives improperly advised him and alleges that a search warrant was required.

"It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense." *State v. Price,* 3d Dist. No. 13-05-03, 2006-Ohio-4192, ¶ 6, citing *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

In the context of a guilty plea, the defendant must demonstrate that "there is a reasonable probability that, but for his counsel's deficient or unreasonable performance, the defendant would not have pled guilty" and would have insisted on going to trial. *Xie,* 62 Ohio St.3d at 524, 584 N.E.2d 715; citing *Hill v. Lockhart* (1985), 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203. See, also, *State v. Schmidt,* 3d Dist. No. 15-05-18, 2006-Ohio-2948, ¶ 32; *State v. Dudas,* 11th Dist. Nos.2007-L-140 and 2007-L-141, 2008-Ohio-3262, ¶ 89.

*State v. McQueen*, 7th Dist. Mahoning No. 08 MA 24, 2008-Ohio-6589, ¶ 15-16.

Crim.R. 11(C) governs the procedure a trial court must follow before accepting a guilty plea in a felony case. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *State v. Martinez,* 7th Dist. No. 03MA196, 2004-Ohio-6806, at ¶ 12. However, it need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the

maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Id.,* citing Crim.R. 11(C)(2)(a)(b).

*McQueen, supra,* at ¶ 39.

**{¶9}**   At the May 3, 2019 change of plea hearing, the following exchange took place among the trial judge, the prosecutor, defense counsel, and Appellant:

[PROSECUTOR]: Your Honor, may it please the Court, if there is a deal it will be that this Defendant withdraws his former plea of not guilty to the three-count indictment that was returned by the Jefferson County Grand Jury on February 6th, 2019 and enter a plea of guilty to each count in the indictment.

The joint recommended sentence would be seven years, which is mandatory time.  He will forfeit the $4,795 to the * * * Jefferson County Drug Task Force and he will waive all appellate rights.

[DEFENSE COUNSEL]: Thank you, Your Honor.  May it please the Court, Ivan has heard the offer.  He understands the offer.  He understands the Constitutional rights he would be waiving by entering a plea of guilty and at this time he would like to accept the offer.  I'd like the Court to inquire please.

THE COURT: So, Mr. Buggs did you hear all that?

THE DEFENDANT: Yes, sir.

THE COURT: And did you understand it all?

THE DEFENDANT: Yes, sir.

THE COURT: Follow it all?

THE DEFENDANT: Yes.

THE COURT: Have you had time enough to think about it?

THE DEFENDANT: Yes.

* * *

THE COURT: [A]ctually that offer was made to you sometime ago?

THE DEFENDANT: Yes.

THE COURT: How long ago?

THE DEFENDANT: March 25th.

* * *

THE COURT: Okay.  So, you've had lots of time to think about it?

THE DEFENDANT: Yes, sir.

THE COURT: Do you need more time to think about it or are you satisfied that you fully understand everything?

THE DEFENDANT: I understand everything.

* * *

THE COURT: Okay.  So, is that what you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: Before I allow you to enter a plea of guilty I have to explain some things to you.  First I have to tell you that you don't have to plead guilty.  You can go to trial on your plea of not guilty and we are happy to do that.  Do you understand that?

THE DEFENDANT: Yes, sir.

Case No. 20 JE 0001

THE COURT: But by your plea of guilty you're admitting guilt, you're waiving or giving up whatever defenses you may have, you will be found guilty and sentenced today. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: I need to know that your new plea of guilty is being entered voluntarily. So, I'm going to ask you. Are you entering your new plea of guilty voluntarily?

THE DEFENDANT: Yes.

THE COURT: Has anyone promised you anything other than what I've heard here in the courtroom today?

THE DEFENDANT: No, sir.

THE COURT: Has anyone threatened or coerced you in any way other than what I've heard here in the courtroom today?

THE DEFENDANT: No, sir.

THE COURT: Do you understand that even though there appears to be an agreed recommendation of sentence in this case for seven years in prison * * * I'm free to disregard that and sentence any way I want to consistent with these offenses. * * *

THE DEFENDANT: Yes, sir.

* * *

THE COURT: Had this case gone to trial or if you wanted a trial and certainly at this point you could still have a trial, you would have a number of trial rights but by your plea of guilty you're waiving or giving up all these rights. So, I want to explain some of them to you.

First and perhaps most important is your right to trial by jury which in this case means that there would have been 12 jurors who could not convict you unless they were unanimously convinced beyond a reasonable doubt of each element of each offense. Do you understand that?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: And by your plea of guilty you're waiving or giving up that right to trial by jury. Do you understand that?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: You also have the right of confrontation of witnesses which is a twofold right. First it means that you personally would be present at each stage in the trial and, second, it means that you or your attorney would be given the opportunity to cross-examine each and every witness brought against you by the State of Ohio and all of that would happen in open court. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: But by your plea of guilty you're waiving or giving up that right and there won't even be a trial. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You have the right of compulsory process which means you have the right to force or compel witnesses to come testify even if they don't want to. * * * Do you understand that?

THE DEFENDANT: Yes, sir.

Case No. 20 JE 0001

THE COURT: But by your plea of guilty you're waiving or giving up that right and there won't even be a trial. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You have the right to remain silent which means that you have the right to go through this entire process, including a trial if you wanted one, and no one could ever make you testify unless you wanted to. Do you understand that?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: But by your plea of guilty you're waiving or giving up that right to remain silent * * *. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You have the right to Counsel which means that you have the right to be represented by an attorney through this entire process, including a trial if you wanted one. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And if you could not afford an attorney, one would be appointed for you at no cost to you, which is I believe - - well, in this case your attorneys are retained; is that right? You paid them?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: But by your plea of guilty you're waiving or giving up that right and there won't even be a trial. Do you understand that?

THE DEFENDANT: Yes, sir.

Case No. 20 JE 0001

\* \* \*

THE COURT: Let's talk about your attorneys for a minute. Have your attorneys done all of the things that you've asked them to do so far?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything that you would like for them to do or that you think ought to be done that's not yet done, like talk to some witness, file some motion, explain something to you, anything at all?

THE DEFENDANT: No, sir.

THE COURT: Is there anything they've done that you wished they'd a (sic) done differently?

THE DEFENDANT: No, sir.

THE COURT: Is it fair to say that you're satisfied with your representation so far?

THE DEFENDANT: Yes, sir.

THE COURT: Are there any questions that you have about anything that we're doing here?

THE DEFENDANT: No, sir.

THE COURT: Are you sure?

THE DEFENDANT: Positive.

THE COURT: And how do you want to plead?

THE DEFENDANT: Guilty.

THE COURT: Okay. Defendant has just signed his new plea of guilty here in open court. I find from the dialogue that I had with the Defendant that his new plea of guilty is knowingly, voluntarily and intelligently entered. It's accepted. Defendant is found guilty of Counts One through Three and we move to sentencing. Anything additional?

* * *

[DEFENSE COUNSEL]: * * * Ivan is prepared to waive his appellate rights. I'd just like the Court to inquire on that piece.

THE COURT: Mr. Buggs, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: You're waiving your appellate rights?

THE DEFENDANT: Yes, sir.

(5/3/2019 Change of Plea Hearing T.p. 3-7, 9-10, 13-16, 18-20).

{¶10} As evidenced in the foregoing colloquy and in the entire change of plea hearing transcript, the trial court strictly complied with the constitutional requirements and substantially complied with the non-constitutional requirements in Crim.R. 11(C).

{¶11} Appellant was represented by counsel during the hearing. The trial court explained to Appellant that by pleading guilty he would relinquish his constitutional rights to a jury trial, to have the State prove his guilt beyond a reasonable doubt, to confront adverse witnesses, and to compel the attendance of witnesses he might wish to present in his favor, and that he could not be compelled to testify against himself. The court also explained to Appellant his non-constitutional rights, informing Appellant of the nature of the charges against him and the maximum penalties involved, post-release control, and that upon accepting his plea the court could proceed to judgment and sentencing.

{¶12} Appellant indicated to the trial court that he understood he was waiving all of these rights, acknowledging that he entered into a plea agreement which he signed and that he wished to go forward. Appellant stated he had no questions and entered a

plea of guilty. Thus, the court determined that Appellant's plea was made freely and voluntarily with full knowledge of the consequences. Appellant "was afforded all rights pursuant to Criminal Rules 11 and 32." (5/10/2019 Judgment Entry, p. 1).

**{¶13}** Contrary to Appellant's assertion, no search warrant was required in this case. As stated, Appellant was on post-release control from a prior prison term and, pursuant to the conditions of supervision, agreed to a warrantless search of his person, residence, and vehicle. (State's Exhibits A and B). The Adult Parole Authority had reasonable suspicion to conduct a warrantless search based on the numerous complaints it had received regarding drug trafficking from Appellant's residence.

**{¶14}** The record is devoid of any ill advice or false information given to Appellant by his retained counsel. Appellant's crimes exposed him to over 14 years in prison. With his representatives' assistance, Appellant agreed to a jointly recommended sentence of only seven years. During the Crim.R. 11 colloquy, Appellant clearly stated he was satisfied with his counsels' representation.

**{¶15}** Because all of the Crim.R. 11 requirements were satisfied, Appellant's guilty plea was knowingly, voluntarily, and intelligently made. The record before us does not reveal that Appellant's trial counsel were ineffective. Pursuant to *Strickland, supra,* Appellant fails to show that his trial counsels' performance was deficient and that the deficient performance prejudiced the defense.

**{¶16}** Appellant's first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING REQUEST TO WITHDRAW PLEA WITHOUT HEARING.**

**{¶17}** Appellant contends the trial court abused its discretion in denying his pro se post-sentence motion to withdraw his guilty plea without a hearing, thereby failing to correct a manifest injustice.

> An appellate court reviews the disposition of a motion to withdraw a guilty
> plea for an abuse of discretion. *State v. Carabello,* 17 Ohio St.3d 66, 67,
> 477 N.E.2d 627 (1985). "Abuse of discretion means an error in judgment

involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon,* 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

*State v. Brewer,* 7th Dist. Mahoning No. 14 MA 0127, 2016-Ohio-3224, ¶ 10.

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. Crim.R. 32.1. When a defendant seeks to withdraw a guilty plea after the trial court imposed a sentence, the defendant bears the burden of establishing the existence of a manifest injustice. *State v. Smith,* 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). Post-sentence plea withdrawal is allowable only in an extraordinary case. *Id.*

*State v. Devine,* 7th Dist. Columbiana No. 17 CO 0013, 2019-Ohio-778, ¶ 18.

A hearing on the motion must be held only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Brooks,* 7th Dist. No. 04 MA 240, 2005-Ohio-5058, ¶ 9. But, the trial court's decision whether to hold a hearing is granted deference. *State v. Toda,* 7th Dist. No. 13 MA 44, 2014-Ohio-943, ¶ 10.

*Brewer, supra,* at ¶ 8; *see also State v. James,* 7th Dist. Jefferson No. 18 JE 0017, 2019-Ohio-4237, ¶ 6.

{¶18} A sentence jointly recommended by the defendant and the State in a criminal case, and imposed by the trial judge, is not reviewable on appeal. R.C. 2953.08(D); *State v. Coleman,* 10th Dist. Franklin Nos. 03AP-219, 03AP-220, 2003-Ohio-7234, ¶ 11. However, an appellate court can review the validity of the plea leading to the jointly recommended sentence. *See generally James, supra,* at ¶ 7.

{¶19} This is no extraordinary case and Appellant fails to establish the existence of a manifest injustice. As fully addressed in his first assignment of error, Appellant's

Case No. 20 JE 0001

guilty plea was knowingly, voluntarily, and intelligently made, and he received effective assistance of counsel. As stated, the record before us reveals that Appellant signed a change of plea form and "was afforded all rights pursuant to Criminal Rules 11 and 32." (5/10/2019 Judgment Entry, p. 1). Accordingly, the trial court did not abuse its discretion in denying Appellant's pro se post-sentence motion to withdraw his guilty plea without a hearing because he failed to establish that a manifest injustice occurred during the plea-bargaining process, or for any other reason. *See Brewer*, *supra,* at ¶ 21.

{¶20} Appellant's second assignment of error is without merit.

## CONCLUSION

{¶21} For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgment of the Jefferson County Court of Common Pleas denying Appellant's pro se post-sentence motion to withdraw his guilty plea without a hearing is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 20 JE 0001

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**